[Cite as *State v. Worden*, 2026-Ohio-2444.]

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case Nos. CT2025-0083 |
| Plaintiff - Appellee | CT 2025-0084 |
| | Opinion And Judgment Entry |
| -vs- | |
| | Appeal from the Court of Common Pleas, Case Nos. CR2024-0804 & CR2025-0120 |
| LOVELY WORDEN | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: June 24, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*King, J.*

{¶ 1}    Defendant-Appellant Lovely Worden appeals the August 13, 2025 judgment entries of conviction and sentence of the Muskingum County Court of Common Pleas in case numbers CR2024-0804 and CR2025-0120. We affirm the trial court.

### Facts and Procedural History

{¶ 2}    On July 22, 2024, Worden was a passenger in her boyfriend's car when he wrecked the car. Worden left the scene of the accident on foot because her boyfriend was not waking up and she assumed he had overdosed on fentanyl. The car was later searched at the impound lot. A box containing 24 grams of methamphetamine, a digital scale, and $124 in cash were located under the front passenger seat. Worden was later charged with aggravated possession of drugs, a felony of the second degree.

{¶ 3} On December 9, 2024, Worden recruited associates to retrieve her daughter from the home of a man who was allegedly assaulting her and holding her hostage. Worden kicked in the door of the residence and extracted her daughter from the home. After they left the scene Worden's daughter disclosed she had also been raped. Thereafter, Worden acquired a shotgun from a co-defendant and drove back toward the location where her daughter had been held. On the way, Worden and her coconspirators saw a man walking down the street whom they believed was the person responsible for assaulting Worden's daughter. Worden got out of the car and tried to fire the shotgun but was unsuccessful. A coconspirator took the shotgun from Worden and shot the victim. The victim was completely unrelated to the incident with Worden's daughter. He sustained serious injury after being hit with more than 100 pieces of buckshot.

{¶ 4} As a result of that incident, Worden was charged with one count of attempted aggravated burglary, one count of conspiracy to commit murder with a 3-year firearm specification, one count of attempted murder with a 5-year drive-by shooting firearm specification, two counts of felonious assault with 3-year and 5-year firearm specifications, two counts of discharge of a firearm on or near prohibited premises with 3-year and 5-year firearm specifications, one count of improperly handling a firearm in a motor vehicle, and one count of possessing criminal tools.

{¶ 5} On March 10, 2025, following plea negotiations with the State, in the 2024 case, Worden pled guilty to one count of possession of methamphetamine, a felony of the third degree. In the 2025 case, Worden entered pleas of guilty to one count of attempted aggravated burglary, a felony of the second degree, one count of conspiracy to commit murder, a felony of the first degree, and one count of felonious assault, a felony of the second degree and the attendant 5-year firearm specification. In exchange for Worden's

pleas the State dismissed the balance of the indictment. The trial court accepted Worden's pleas, convicted her, ordered a presentence investigation and set the matter over for sentencing.

{¶ 6} Worden appeared for sentencing on August 11, 2025. After considering the presentence investigation, the circumstances of the offenses, and the victim impact statement, in the 2024 case the trial court sentenced Worden to 18 months for possession of methamphetamine, a felony of the third degree. In the 2025 case, the trial court sentenced Worden to 6 years for attempted aggravated burglary, a felony of the second degree, 7 to 10.5 years for conspiracy to commit murder, a felony of the first degree, 8 years for felonious assault, and 5 years for the attendant gun specification. The trial court found Worden had committed the worst form of felonious assault. The court ordered Worden to serve the sentence for attempted aggravated burglary and conspiracy to commit murder concurrently, but consecutive to her sentence for felonious assault and the gun specification. The trial court ordered Worden to serve the sentence in the 2025 case consecutive to the sentence in the 2024 case for an aggregate prison term of 21.5 years to 25 years.

{¶ 7} Worden filed an appeal and the matter is now before this court for consideration. She raises one assignment of error as follows:

I

{¶ 8} "THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD."

{¶ 9}   In her sole assignment of error, Worden argues the trial court's imposition of consecutive sentences per R.C. 2929.14(C)(4) is not supported by the record. We disagree.

## Applicable Law

{¶ 10} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 11}   R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In Ohio, there is a presumption a court will impose concurrent sentences. *State v. Bonnell*, 2014-Ohio-3177, ¶ 16; R.C. 2929.41(A). This presumption is overcome when the trial court makes the consecutive sentencing findings described in R.C. 2929.14(C)(4). "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5, 231 N.E.3d 1109. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469(1954), paragraph three of the syllabus.

{¶ 13} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**Worden's Sentence is Supported by the Record**

{¶ 14} We first note Worden did not object during the sentencing hearing to the imposition of consecutive sentences, thereby forfeiting all but plain error. *State v. Wilson*, 2013-Ohio-1520 (10th Dist.) ¶ 8. An error not raised in the trial court must be plain error

for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 15}  Upon review of the record, we find no error plain or otherwise. We find the trial court engaged in the correct analysis. It found consecutive sentences were not disproportionate to the seriousness of Worden's conduct, the danger she poses to the public, and the fact that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offense. Transcript of sentencing (T.) 26-27.

{¶ 16} Worden does not dispute that the trial court made the required findings pursuant to R.C. 2929.14(C)(4) both on the record and in its sentencing entry. Rather she disagrees with the court's findings. She argues she had no prior felony record, a relatively limited misdemeanor record, and therefore consecutive sentences were not required to protect the public from future crime. This court may not, however, weigh the evidence in the record and substitute its judgment for that of the trial court concerning a sentence that best reflects compliance with the overriding purposes of felony sentencing. *State v. Jones*, 2020-Ohio-6729, paragraph one of the syllabus. We may not make a "freestanding inquiry" regarding whether a felony sentence is appropriate. *Id.* at ¶ 42.

{¶ 17} Upon review of the record we further find it contains ample evidence to support the trial court's consecutive sentence findings. While Worden argues she had no prior felony record, she in fact committed numerous felony offenses within a five-month period in two separate cases. She also argues consecutive sentences are not appropriate because she did not personally shoot the victim in the 2025 case, and presents no danger to the public. Worden appears to ignore that she not only orchestrated the entire shooting event, but she also seriously injured and permanently maimed an innocent man while attempting to mete out vigilante justice.

{¶ 18} Worden's arguments are without merit. Accordingly, the sole assignment of error is overruled.

{¶ 19} The judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.